## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## (TEXARKANA DIVISION)

| | |
|---|---|
| GHJ HOLDINGS, LLC<br>**Relator,**<br><br>vs.<br><br>**MANITOWOC FOODSERVICE<br>COMPANIES, LLC,**<br>**Defendant.** | Case No.: 5:11-cv-00069<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

### ORIGINAL COMPLAINT FOR FALSE PATENT MARKING

Relator GHJ Holdings, LLC ("Relator") alleges as follows:

### NATURE OF THE CASE

1.      This is an action for false patent marking under section 292 of the Patent Act (35 U.S.C. §292), which provides that any person may sue to recover the civil penalty for false patent marking.  Relator brings this qui tam action on behalf of the United States of America.

### PARTIES

2.      Relator is a Texas limited liability company with its principal place of business in Texarkana, Texas.

- 1 -
ORIGINAL COMPLAINT

3.   Defendant Manitowoc Foodservice Companies, LLC is a limited liability company organized under the laws of the state of Wisconsin and may be served through its registered agent, CSC – Lawyers Incorporating Service Company, 840 Excelsior Drive, Ste. 400, Madison, WI 53717.

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over Relator's false marking claims under Title 28 U.S.C. §§ 1331 and 1338(a).

5.   This Court has personal jurisdiction over Defendant by virtue of, *inter alia*, Defendant's persistent and continuous contacts with the Eastern District of Texas, including active and regular conduct of business during the relevant time period through its sales in the Eastern District of Texas.

6.   This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant has violated Title 35 U.S.C. § 292, and falsely marked, advertised, distributed and sold products in the Eastern District of Texas.   Further, on information and belief, Defendant has sold falsely marked products in competition with sellers of competitive products in the Eastern District of Texas.  Such sales by Defendant are substantial, continuous and systematic.

- 2 -
ORIGINAL COMPLAINT

7.   Venue is proper in this District under Title 28 U.S.C. §§ 1391(b) and (c) and 1395(a).

## FACTS

8.   Defendant has marked and/or continues to mark its products, including, but not limited to, its QY0134A Undercounter Ice Machine and SD-0322A Ice Cube Machine (collectively, the "Falsely Marked Products") with expired and/or otherwise inapplicable patents, including at least U.S. Patent No. 4,480,441; 4,489,567; 4,550,572; 4,767,286; 4,774,815; 4,785,641; 4,845,955; 4,878,361; 4,898,002; 4,907,422; 5,199,273 and D526, 338 (the "Expired and Inapplicable Patents").

9.   Such false marking by Defendant includes marking the Expired and Inapplicable Patents upon, affixing the Expired and Inapplicable Patents to, and/or using the Expired and Inapplicable Patents in advertising in connection with the Falsely Marked Products.

10.   U.S. Patent No. 4,480,441 was filed January 26, 1983 and issued on November 6, 1984.   It expired no later than January 26, 2003.   Nevertheless, Defendant has marked one or more of the Falsely Marked Products with it after expiration.

- 3 -
ORIGINAL COMPLAINT

11.   U.S. Patent No. 4,489,567 was filed September 16, 1983 and issued on December 25, 1984. It expired no later than September 16, 2003. Nevertheless, Defendant has marked one or more of the Falsely Marked Products with it after expiration.

12.   U.S. Patent No. 4,550,572 was filed July 27, 1984 and issued on November 5, 1985. It expired no later than July 27, 2004. Nevertheless, Defendant has marked one or more of the Falsely Marked Products with it after expiration.

13.   U.S. Patent No. 4,767,286 was filed June 2, 1987 and issued on August 30, 1988. It expired no later than June 2, 2007. Nevertheless, Defendant has marked one or more of the Falsely Marked Products with it after expiration.

14.   U.S. Patent No. 4,774,815 was filed September 8, 1987 as a continuation of an application filed on April 16, 1986 and issued on August 4, 1988. It expired no later than April 16, 2006. Nevertheless, Defendant has marked one or more of the Falsely Marked Products with it after expiration.

15.   U.S. Patent No. 4,785,641 was filed August 19, 1987 and issued on November 22, 1988. It expired no later than August 19, 2007. Nevertheless, Defendant has marked one or more of the Falsely Marked Products with it after expiration.

- 4 -
ORIGINAL COMPLAINT

16.   U.S. Patent No. 4,845,955 was filed February 1, 1988 and issued on July 11, 1989.  It expired no later than February 1, 2008.  Nevertheless, Defendant has marked one or more of the Falsely Marked Products with it after expiration.

17.   U.S. Patent No. 4,878,361 was filed September 30, 1988 and issued on November 7, 1989.  It expired no later than September 30, 2008.  Nevertheless, Defendant has marked one or more of the Falsely Marked Products with it after expiration.

18.   U.S. Patent No. 4,898,002 was filed on June 10, 1988 as a continuation of an application filed February 1, 1988 and issued February 1, 1990.  It expired no later than July 11, 2006 pursuant to a terminal disclaimer.  Nevertheless, Defendant has marked one or more of the Falsely Marked Products with it after expiration.

19.   U.S. Patent No. 4,907,422 was filed on August 26, 1989 as a continuation of an application filed September 30, 1988 and issued March 13, 1990.  It expired no later than September 30, 2008.  Nevertheless, Defendant has marked one or more of the Falsely Marked Products with it after expiration.

20.   U.S. Patent No. 5,199,273 was filed on September 28, 1990 and issued April 6, 1993.  It expired no later than September 28, 2010.  Nevertheless, Defendant has marked one or more of the Falsely Marked Products with it after expiration.

ORIGINAL COMPLAINT

21.    Defendant has also falsely marked the Falsely Marked Products by listing

U.S. Patent Nos. 5,199,273 and D526, 388.   U.S. Patent No. 5,199,273 covers a

"Reach-in cooler with interchangeable refrigerator and freezer systems" as shown

in Fig. 2 below.



The Falsely Marked Products, however, are not reach in coolers nor are they covered by any of the claims of U.S. Patent No. 5,199,273, as can be seen from a picture of Model SD-0322A Ice Cube Machine here:



and Model QY0134A Undercounter Ice Machine here:

- 7 -
ORIGINAL COMPLAINT



U.S. Patent No. D526, 338 is titled "Ice machine."    It covers the specific ice machine as depicted in Fig. 1, as seen here.



ORIGINAL COMPLAINT

Clearly, the False Marked Products are not covered by U.S. Patent No. D526, 338. Defendant, however, marked the Falsely Marked Products with U.S. Patent Nos. 5,199,273 and D526, 338 with the intent to deceive the public and deter competition.

22.    Defendant has marked the Falsely Marked Products by printing the Expired and Inapplicable Patents on the packaging of the Falsely Marked Products. Such markings could have easily been updated to reflect accurate patent information. Indeed, Defendant most recently updated the stickers when one of the patents listed, U.S. Patent No. 7,082,782, issued on August 1, 2006, over three years after U.S. Patent No. 4,480,441 expired. Defendant could have easily remarked its products to not include expired patent numbers, but decided not to.

23.    It was a false statement for Defendant to mark the Falsely Marked Products with expired or otherwise inapplicable patents. Defendant knew that the patents were expired or otherwise inapplicable, but nevertheless marked them on its products after they expired or when they were clearly inapplicable in an attempt to deceive the public.

24.    Defendant is a large, sophisticated company. Defendant has, and/or regularly retains, sophisticated legal counsel. Defendant has experience applying

for patents, obtaining patents, licensing patents, applying for and obtaining trademarks and/or litigating in intellectual property lawsuits.  Indeed, a search of the United States Patent and Trademark Office's website shows that Defendant, including results for its f/k/a name, The Manitowoc Company, is assignee to 243 patents.  Furthermore, a search of PACER, including results for its f/k/a name, The Manitowoc Company, shows that Defendant has been a party to 6 patent related lawsuits.  The patents that Defendants own or have licensed, including the Expired and Inapplicable Patents, were or are important assets to Defendants and are consistently reviewed and monitored in the course of Defendants' business.

25.    The expiration date of a U.S. Patent is not readily ascertainable by members of the public at the time of the product purchase.  The patent number itself does not provide members of the public with the expiration date of the patent. Basic information about a patent, such as the filing, issue and priority dates associated with a particular U.S. patent number are available at, for example, the website of the United States Patent and Trademark Office ("USPTO").  However, access to the Internet is necessary to retrieve that information (meaning that a consumer may not have the ability to retrieve the information, especially while he is in a store making a purchasing decision) and even after retrieving that information, it does

ORIGINAL COMPLAINT

not always include the expiration date of a patent.  Rather, a member of the public

must also conduct a burdensome legal analysis, requiring specific knowledge of

U.S. Patent laws regarding patent term expiration.  Notably, a correct calculation

of the expiration date must also account for at least: a) any term extensions granted

by the USPTO, which may or may not be present on the face of the patent, and b)

whether or not the patent owner has paid the necessary maintenance fees.

26.     Defendant knew that a patent that is expired does not cover any product.

27.     Defendant knew that it was a false statement to mark the Falsely Marked

Products with an expired or otherwise inapplicable patent.

28.     Defendant did not have, and could not have had, a reasonable belief that its

products were properly marked, and Defendant knew or should have known that

the aforementioned patents had expired and/or were inapplicable.

## INJURY IN FACT TO THE UNITED STATES

29.     Defendant's practice of false marking is injurious to the United States.

30.     The false marking alleged above caused injuries to the sovereignty of the

United States arising from Defendant's violations of federal law, specifically, the

violation of 35 U.S.C. §292(a).  The United States has conferred standing on "any

person," which includes Relator, as the United States' assignee of the claims in this complaint to enforce section 292.

31. The false marking alleged above caused proprietary injuries to the United States, which, together with section 292, would provide another basis to confer standing on Relator as the United States' assignee.

32. The marking and false marking statutes exist to give the public notice of patent rights. Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design, such as the Falsely Marked Products.

33. Federal patent policy recognizes an important public interest in permitting full and free competition in the use of ideas that are, in reality, a part of the public domain—such as those described in the Expired and Inapplicable Patents.

34. Congress' interest in preventing false marking was so great that it enacted a statute that sought to encourage private parties to enforce the statute. By permitting members of the public to bring *qui tam* suits on behalf of the government, Congress authorized private persons like Relator to help control false marking.

ORIGINAL COMPLAINT

35.   The acts of false marking alleged above deter innovation and stifle competition in the marketplace for at least the following reasons: if an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market; false marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement; and false marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

36.   The false marking alleged above misleads the public into believing that the Expired and Inapplicable Patents give Defendant control of the Falsely Marked Products (as well as like products), placing the risk of determining whether the Falsely Marked Products are controlled by such patents on the public, thereby increasing the cost to the public of ascertaining who, if anyone, in fact controls the intellectual property embodied in the Falsely Marked Products.

37.   Thus, in each instance where a representation is made that the Falsely Marked Products are protected by the Expired and Inapplicable Patents, a member of the public desiring to participate in the market for products like the Falsely

- 13 -
ORIGINAL COMPLAINT

Marked Products must incur the cost of determining whether the involved patents are valid and enforceable. Failure to take on the costs of a reasonably competent search for information necessary to interpret each patent, investigation into prior art and other information bearing on the quality of the patents, and analysis thereof can result in a finding of willful infringement, which may treble the damages an infringer would otherwise have to pay.

38.     The false marking alleged in this case also creates a misleading impression that the Falsely Marked Products are technologically superior to previously available products, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

39.     Every person or company in the United States is a potential entrepreneur with respect to the process, machine, manufacture, or composition of matter described in the Expired and Inapplicable Patents. Moreover, every person or company in the United States is a potential competitor with respect to the Falsely Marked Products marked with the Expired and Inapplicable Patents.

40.     Each Falsely Marked Product or advertisement thereof, because it is marked with or displays the Expired and Inapplicable Patents, is likely to, or at least has the potential to, discourage or deter each person or company (itself or by its

representatives), which views such marking from commercializing a competing product, even though the Expired and Inapplicable Patents do nothing to prevent any person or company in the United States from competing in commercializing such products.

41.    The false marking alleged in this case and/or advertising thereof has quelled competition with respect to similar products to an immeasurable extent, thereby causing harm to the United States in an amount that cannot be readily determined.

42.    The false marking alleged in this case constitutes wrongful and illegal advertisement of a patent monopoly that does not exists and, as a result, has resulted in increasing, or at least maintaining, the market power or commercial success with respect to the Falsely Marked Products.

43.    Each individual false marking (including each time an advertisement with such marking is accessed on the Internet) is likely to harm, or at least potentially harms, the public.  Thus, each such false marking is a separate offense under 35 U.S.C. §292(a).

44.    Each offense of false marking creates a proprietary interest of the United States in the penalty that may be recovered under 35 U.S.C. §292(b).

- 15 -
ORIGINAL COMPLAINT

45.   For at least the reasons stated in paragraphs 2 to 44 above, the false marking alleged in this case caused injuries to the sovereignty of the United States arising from violations of federal law and has caused proprietary injuries to the United States.

## CLAIM

46.   For the reasons stated in paragraphs 2 to 45 above, Defendant has violated section 292 of the Patent Act by falsely marking the Falsely Marked Products with intent to deceive the public.

## PRAYER FOR RELIEF

47.   Relator thus requests this Court, pursuant to 35 U.S.C. §292, to do the following:

A.   enter a judgment against Defendant and in favor of Relator that Defendant has violated 35 U.S.C. §292 by falsely marking products with knowledge that the patent has expired and/or are not applicable for the purpose of deceiving the public;

B.   order Defendant to pay a civil monetary fine of $500 per false marking offense, or an alternative reasonable amount determined by the Court taking into consideration the total revenue and gross profit

derived from the sale of falsely marked products and the degree of intent to falsely mark the products, one-half of which shall be paid to the United States and the other half to Relator;

C.    enter a judgment declaring that this case is "exceptional," under 35 U.S.C. §285 and award in favor of Relator, and against Defendant, the costs incurred by Relator in bringing and maintaining this action, including reasonable attorneys' fees;

D.    order that Defendant, its officers, agents, servants, employees, contractors, suppliers, and attorneys be enjoined from committing new acts of false patent marking and be required to cease all existing acts of false patent marking within 90 days; and

E.    grant Relator such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

48.   Relator demands a jury trial on all issues so triable.

Dated: March 8, 2011               Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  Texas Bar No. 24038912
  randall@glgnow.com

- 17 -
ORIGINAL COMPLAINT

Christopher Johns
  Texas Bar No. 24044849
  chris.johns@glgnow.com
Christopher A. Honea
  Texas Bar No. 24059967
  chris.honea@glgnow.com
GARTEISER LAW GROUP
44 North San Pedro Road
San Rafael, California 94903
[Tel.] (415)785-3762
[Fax] (415)785-3805

**ATTORNEYS FOR GHJ HOLDINGS, LLC**

- 18 -
ORIGINAL COMPLAINT